UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRED BIRDSALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-CV-480-TAV-CCS |
| ) | |
| PEOPLES BANK OF THE SOUTH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff has brought this action against Defendant seeking recovery for damages Plaintiff purportedly sustained after Defendant reported Plaintiff's loan accounts as delinquent to a consumer credit reporting agency. Plaintiff has asserted claims under the Fair Credit Reporting Act, and additional claims for breach of contract, false light/invasion of privacy, negligence, and injunctive relief under state law.

This matter is before the Court on Defendant's motion for summary judgment [Docs. 16, 18]. Plaintiff has responded [Doc. 32]. The Court has carefully considered the motion and for the reasons stated herein, finds that Defendant's motion for summary judgment should be granted.

**I. Background**

Plaintiff filed the instant matter in the Circuit Court for Campbell County on August 6, 2012. Defendant timely removed the action to this Court on September 14, 2012 pursuant to 28 U.S.C. §§ 1331, 1441 and 1446(a) [Doc. 1].

Plaintiff is a former customer of Defendant. He filed a prior lawsuit against Defendant and a loan officer concerning several issues which the parties resolved via settlement in late August 2011. Plaintiff's current claims arise from the party's settlement agreement in the prior action. According to the agreement, Defendant paid a settlement of $50,000 and forgave debts for a truck and houseboat loan. The agreement provided that Defendant was to send "a letter to each of the three major credit reporting bureaus (TransUnion, Experian and Equifax) noting that the above accounts for the truck and houseboat loans are resolved and at $0.00 balances. No other reporting will be necessary or done for this resolution." *Id.*

Thereafter, Plaintiff attempted to purchase another truck, but was denied credit for the purchase. Plaintiff obtained a copy of his credit report and learned that information regarding his prior truck and houseboat loans being delinquent was still showing up on the report. Plaintiff had his attorney send a letter to Defendant's attorney regarding the information on Plaintiff's credit report. Plaintiff avers that Defendant refused to correct or modify any of the alleged deficient entries. Plaintiff alleges he was and is unable to access any credit to purchase a vehicle at any interest rate which he can afford. Plaintiff also alleges he suffered injury to his standing in the community and humiliation when he was denied access to credit by local credit providers and sales persons. Plaintiff admits that he did not give any notice or dispute any credit report with the respective credit reporting agencies or any of the three major credit bureaus. *Id.*

2

Defendant submitted an expert witness report prepared by Martin T. Mitchell. Mitchell has 15 years of experience in the field of financial institution regulation. Mitchell reviewed documents pertaining to Plaintiff's credit reports and noted that the credit report reviewed by the car dealership reports at least four other accounts with charge-offs at three other financial institutions. Credits reports from other agencies included in the record reflect numerous charge-offs at other financial institutions. Based on his review of Plaintiff's credit reports, Mitchell opined that Defendant was not responsible for Plaintiff's inability to borrow money from other creditors [Doc. 36-2].

## II.  Standard of Review

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment. Rule 56(a) sets forth the standard for summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The procedure set out in Rule 56(c) requires that "a party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(1)(B) allows a party to "show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact."

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co, v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). The "mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the court concludes a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Id.*

### III. Analysis

#### A. Fair Credit Reporting Act

Plaintiff contends that Defendant is liable to him for inaccurate reporting of credit information. Defendant responds that as an individual person, Plaintiff lacks standing to make his claims where he has not first lodged a dispute with the respective credit reporting bureaus.

4

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, was enacted to regulate credit reports, provide guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provide protection to consumers. *See Ruggiero v. Kavlich,* 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005). The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Carney v. Experian Info. Solutions Inc.,* 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999). The FCRA requires furnishers of credit information to provide accurate information and to investigate upon receiving notice of a dispute from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(a)(b). Plaintiff's claims all stem from Defendant's alleged failure to provide accurate information to the credit reporting agencies as required by 15 U.S.C. § 1681s-2(a).

Plaintiff's Petition fails to state the requirements for a claim under the FCRA. The Act provides specific steps, and timeframes, for investigating and correcting any disputed credit information when the information is being disputed by a consumer. *See* 15 U.S.C. § 1681i. The FCRA imposes two primary duties on entities that furnish information to credit reporting agencies. First, they have a duty to provide accurate information. 15 U.S.C. §1681s-2(a). Second, they have a duty to investigate upon receiving notice of a dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b); *Downs v. Clayton Homes Inc.,* 88 Fed. Appx. 851, 852 (6th Cir. 2004). It is well established that "the duties imposed by subsection (a) can only be enforced by government agencies and officials."

5

*See Westbrooks v. Fifth Third Bank,* 2005 WL 3240614 at *3 (M.D. Tenn. 2005). There is no private right of action under this section of the FCRA.

However, "unlike § 1681s-2(a), courts have found that a private right of action exists under § 1682s-2(b)." *Id.; see also Downs,* 88 Fed. Appx. 851; *Nelson v. Chase Manhattan Mtg. Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002); *Young v. Equifax Credit Info. Servs. Inc.,* 294 F.3d 631, 639 (5th Cir. 2002); *Stafford v. Cross Country Bank,* 262 F. Supp. 2d 776, 783 (W.D. Ky. 2003); *Zager v. Downs,* 2005 WL 2008432 (W.D. Tenn. 2005). However, liability under §1681s-2(b) is only imposed on a furnisher of credit information after it receives notice of a dispute pursuant to § 1681i(a)(2). The explicit language of § 1681i(a)(2) requires an individual, like Plaintiff, to give notice to a credit reporting agency, not directly to the bank. *See Downs,* 88 Fed. Appx. at 853; *Stafford,* 262 F. Supp. 2d at 784; *Westbrooks,* 2005 WL 3240614 at *4 (stating that "unless a credit reporting agency notifies a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information under the statute, even if the individual has apprised the furnisher of information of the dispute").

Here, Plaintiff does not allege and he has presented no facts to show that he reported the alleged mistakes to a credit reporting agency as required by § 1681i(a)(2). Instead, he states that his counsel reported the disputed information directly to counsel for the Defendant. As a result, he has not complied with the requirements of §§ 1681s-2(b) and 1681i(a)(2) requiring that any dispute to credit information be made to a credit reporting agency. Notice of any alleged dispute direct from a consumer is insufficient,

6

regardless of whether the furnisher of information had actual notice of any dispute. *Westbrooks,* 2005 WL 3240614 at *4. Despite Plaintiff's claim that he notified Defendant's counsel directly by letter of any dispute, nothing therein suggests that he made a claim to any of the credit reporting agencies, or that any of those agencies ever notified Defendant of any dispute. Because of his failure to comply with the statutory requirements relating to disputes, Plaintiff has not stated a claim for improper credit reporting under the FCRA. Accordingly, the Court finds that Plaintiff's claims under the FCRA will be dismissed.

### B. State Law Claims for Defamation and Negligence.

Plaintiff also asserts claims under Tennessee law against Defendant for false light invasion of privacy/defamation, negligence, and breach of contract. Defendant argues that Plaintiff's state law claims are preempted by the FCRA. The Act contains two preemption provisions, each of which limit a plaintiff's ability to assert state law claims based on a defendant's furnishing of information to a credit reporting agency. The first, contained in § 1681(h)(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

7

15 U.S.C. § 1681h(e). The second preemption provision of the FCRA was subsequently enacted by Congress in connection with the Consumer Credit Reporting Reform Act of 1996. Section 1681t(b)(1)(F) provides that "no requirement or prohibition may be imposed under the laws of any state . . . with respect to the subject matter regulated under §1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."

The majority of courts have found that § 1681t(b)(1)(F) applies to preempt both statutory and common law claims under state law that are based on allegations involving a subject matter regulated under the FCRA. In *Westbrooks,* the District Court for the Middle District of Tennessee found that "all state claims that do not allege willfulness are preempted by §1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t(b)((1)(F) if they involve a subject matter regulated under § 1681s-2. *Id.,* 2005 WL 3240614 (M.D. Tenn. 2000). *See also Lufkin v. Capital One Bank,* 2010 WL 2813437 (E.D. Tenn. 2010 (holding that state law claims were preempted under §§ 1681t(b)(1)(F) and 1681h(e)); *Davis v. Maryland Bank,* 2002 WL 32713429 (N.D. Cal. 2002) (observing that the majority of district courts have held that the FCRA preempts both statutory and common law causes of action which fall within the conduct proscribed under §1681s-2(1)); *Stafford v. Cross Country Bank,* 262 F. Supp. 2d 776, 787 (W.D. Ky. 2003) (holding that even if willfulness was sufficiently pled so as to survive § 1681h(e) preemption, Plaintiff's claims may, nevertheless be preempted under § 1681t(b)(1)(F) if they "involve a subject matter regulated under § 1681s-2, which § 1681t(b)(1)(F)

8

preempts"); *Premium Mtg. Cor. V. Equifax,* 583 F.3d 103, 106 (2d Cir. 2009) (affirming the District Court's dismissal of plaintiff's state common law claims on the ground that they were preempted under § 1681t(b)(1)(F); *Jaramillo v. Experian Info. Solutions Inc.,* 155 F. Supp. 2d 356 (E.D. Pa. 2001) ("It is clear from the face of § 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies"). Although some courts have adopted a different approach, finding that preemption of state common law tort claims relating to the furnishing of credit information should be analyzed under § 1681h(e) and state statutory claims relating to the furnishing of credit information should be analyzed under § 1681t(b)(1)(F), the Court finds that the better approach is the majority approach expressed in *Westbrooks* and the cases cited above.

Here, Plaintiff's state law claims for defamation and negligence are entirely based upon conduct that is regulated under § 1681s-2, that is, Defendant's alleged improper reporting of Plaintiff's credit information. Because Plaintiff's allegations relate directly to the duties and responsibilities of a furnisher of information to a consumer reporting agency, Plaintiff's state law claims for defamation and negligence are preempted under §§ 1681h(e) and 1681t(b)(1)(F).

### C.  Breach of Contract

Plaintiff contends that under the parties' settlement agreement, Defendant was required to correct or otherwise demand alteration of his prior credit reports. Defendant

9

argues that the parties' settlement agreement expressly requires only that Defendant will send the three letters to the credit reporting agencies, no other reporting was necessary.

A party asserting a breach of contract claim in Tennessee must show (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of contract, and (3) damages caused by the breach of contract. *CW Asset Acquisition LLC v. Oggs,* 230 S.W.3d 671, 767-77 (Tenn. Ct. App. 2007).

The parties' settlement agreement in the prior litigation requires only that Defendant will mail "a letter to each of the three major credit reporting bureaus (TransUnion, Experian and Equifax) noting that the above accounts for the truck and houseboat loans are resolved and at $0.00 balances. No other reporting will be necessary or done for this resolution." Defendant did mail the correspondence to the credit reporting agencies as agreed. Defendant submitted the affidavit of Vickie Braden, Vice President of Peoples Bank of the South, who stated that Defendant sent letters to TransUnion, Experian and Equifax stating that Plaintiff had "reached an agreement with the Bank concerning these loans. The entire matter is resolved. The loan account balances are both $0.00. Please amend your reporting to reflect the closure of these accounts." Defendant performed its obligations under the settlement agreement. Defendant notified the reporting agencies in writing of the changes to be made to Plaintiff's credit record using the language required by the settlement agreement.

Plaintiff neither requested nor negotiated per the terms of the settlement agreement to delete any past payment history on his credit report. Plaintiff's interpretation that the

10

settlement agreement required Defendant to clear all prior payment history on the truck and houseboat loans and monitor future results is not supported by the evidence. Nothing in the parties' settlement agreement created an obligation on Defendant for continued reporting, continuing verification, or continuing monitoring of Plaintiff's credit reports. If Plaintiff was concerned about the reporting requirements or how the information from Defendant was listed on his credit report, then Plaintiff was required to file a complaint with the credit reporting agencies to dispute this information and demand correction. The Court finds that Defendant performed its obligations under the settlement agreement and did not breach the agreement. Accordingly, Plaintiff's claim for breach of contract will be dismissed.

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant Peoples Bank of the South's motion for summary judgment [Docs. 16, 18] and this case is **DISMISSED.**

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE